COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Andres Torres v. The State of Texas

Appellate case number:    01-18-01074-CR

Trial court case number:   1538219

Trial court:              337th District Court of Harris County

The complete record was filed in this appeal on January 25, 2019. Appellant's brief, therefore, was due on February 25, 2019. *See* TEX. R. APP. P. 38.6(a). After we granted appellant's motions for an extension of time, appellant's brief was due on May 28, 2019. On June 6, 2019, the Clerk of this Court notified appellant that the time for filing his brief had expired and, unless the Court received appellant's brief by June 17, 2019, the Court would be required to order the trial court to conduct a hearing pursuant to Texas Rule of Appellate Procedure 38.8. *See* TEX. R. APP. P. 38.8(b)(2), (3); *see also id.* 10.5(b). Appellant has not filed a brief or otherwise responded to this Court's notice.

Accordingly, we abate the appeal and remand for the trial court to immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's appointed counsel, Cheri Duncan, Harris County Public Defender's Office,[1] shall be present. TEX. R. APP. P. 38.8(b)(2). Appellant shall also be present for the hearing in person or, if he is incarcerated, at the trial court's discretion, he may participate in the hearing by closed-circuit video teleconferencing.[2]

---

1      On November 26, 2018, the trial court appointed the Harris County Public Defender's Office to represent appellant on appeal. On December 26, 2018, appellant filed in this Court a notice designating Cheri Duncan, Harris County Public Defender's Office as lead counsel in the appeal. *See* TEX. R. APP. P. 6.1(c).

2      Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On his request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the State's attorney.

The trial court is directed to:

(1)    determine whether appellant wishes to prosecute the appeal;

(2)    if appellant wishes to prosecute the appeal, determine whether good cause exists to relieve Cheri Duncan of her duties as appellant's counsel;

(3)    if good cause exists, enter a written order relieving Cheri Duncan of her duties as appellant's counsel, including in the order the basis for and finding of good cause, and appoint substitute appellate counsel at no expense to appellant;

(4)    if good cause does not exist, set a date when appellant's brief is due, regardless of whether this Court has yet reinstated the appeal and no later than 30 days from the date of the hearing;

(5)    make any other findings and recommendations the trial court deems appropriate; and

(6)    enter written findings of fact, conclusions of law, and recommendations as to these issues.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), 26.04(j)(2) (West Supp. 2017); TEX. R. APP. P. 38.8(b).

The trial court shall have a court reporter record the hearing and file the reporter's record with this Court within 30 days of the date of this order. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations and any orders with this Court within 30 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.

Judge's signature: /s/ Russell Lloyd

                        ☑ Acting individually      ☐ Acting for the Court


Date:    July 2, 2019